# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIN DA ENTERPRISES INC., et al.,** : | | **CIVIL ACTION** |
| *Plaintiffs,* : | | |
| : | | |
| v. : | | |
| : | | |
| **WEI XIANG YONG, et al.,** : | | |
| *Defendants.* : | | No. 21-cv-03384 |

### MEMORANDUM

**KENNEY, J.**                                                                          **MAY 30, 2024**

## I. INTRODUCTION

This Court entered a judgment in this civil RICO action in favor of Plaintiffs Shin Da Enterprises Inc., 446-50 N. 6th Street LLC, and Lijian Ren ("Plaintiffs"), and against Defendants Wei Xiang Yong a/k/a John Wei; Jian Mei He a/k/a Mika He; UIG Construction, LLC, PA Ridge Associate, Wei's Properties, Inc., Redevelopment Consultants, LLC, Ying Nan Gai, and G&Y Contractor Inc. (collectively, "Defendants"). ECF No. 200. Plaintiffs filed the instant motion requesting appointment of a sequestrator, alleging that Defendants UIG Construction, LLC ("UIG"), PA Ridge Associates ("PA Ridge"), and Wei's Properties, Inc. ("Wei's Properties") are attempting to evade the judgment. ECF No. 342. The motion is fully briefed and ripe for review.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs brought the instant RICO action against Defendants on July 29, 2021. ECF No. 1. After extensive litigation, a seven-day jury trial was held in October 2023. ECF Nos. 186-90, 194, 198. The jury found in favor of Plaintiffs and against Defendants in the amount of $1,710,160.80, which was trebled pursuant to 18 U.S.C. § 1964(c) to a final verdict sum of $5,130,482.40. ECF No. 200. Plaintiffs subsequently filed a petition for mandatory attorneys' fees

and costs pursuant to 18 U.S.C. § 1964(c), which was granted in full on January 2, 2024, in the sum of $973,610.64. *See* ECF Nos. 211, 214-15, 306-07. Defendants Ying Nan Gai and G&Y Contractor Inc. moved for renewed judgment as a matter of law and for a new trial on November 22, 2023. ECF Nos. 212, 301, 302. Those motions were denied on December 19, 2023. ECF Nos. 303-04. Those two defendants then filed a notice of appeal on January 18, 2024 as to the Court's December 19, 2023 Memorandum and Order. ECF No. 313. Defendants Wei Xiang Yong a/k/a John Wei, Jian Mei He a/k/a Mika He, UIG, PA Ridge, Wei's Properties, and Redevelopment Consultants, LLC filed a notice of appeal as to the judgment on November 22, 2023, and then filed an amended notice of appeal to include the Court's award of attorneys' fees on January 18, 2024. ECF Nos. 213, 314. Defendant Wei Xiang Yong a/k/a John Wei filed a suggestion of bankruptcy on December 4, 2023, stating that he had filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. ECF No. 299. The instant motion is directed to UIG, PA Ridge, and Wei's Properties only. ECF No. 342 at 1.

### III. DISCUSSION

#### A. The Instant Motion

On April 24, 2024, Plaintiffs filed the instant motion to appoint a sequestrator pursuant to Pennsylvania Rule of Civil Procedure 3114, as to Defendants UIG, PA Ridge, and Wei's Properties. ECF No. 342. Plaintiffs argue that these defendants "continue to take steps to frustrate collection on the judgment." ECF No. 342-2 at 2.

Broadly, Plaintiffs note that John Wei's Bankruptcy Schedules purport that he has assets totaling approximately $2.89 million, whereas his 2021 Financial Statement reported assets of over $126 million. *Id.* at 2-3. Regarding the defendants that are the subjects of this motion, Plaintiffs

2

make several claims that they are attempting to evade judgment, including the following: (1) PA Ridge withdrew over $200,000 from its Parke Bank account, *id.* at 3; (2) PA Ridge earned over $2 million in rent in 2023 with a net income over $1 million, whereas Defendant Mika He claims that no rents have been paid to PA Ridge since October 2023, *id.*; (3) Wei's Properties is owed over $2.5 million by entities controlled by Defendants and UIG is owed nearly $750,000 by entities controlled by Defendants, and several non-defendant companies have "transferred or leveraged their primary assets without repaying Wei's Properties or UIG," *id.* at 4-5; (4) a company controlled by Defendants sold a property valued at $7.5 million to Defendant's compatriot for $1, *id.* at 5; (5) other entities controlled by Defendants took out millions of dollars in loans without repaying the loans due to PA Ridge or UIG, *id.* at 6; (6) Defendants made "multiple suspect transfers" in an attempt to drain their bank accounts, including a $100,000 payment from Wei's Properties to trial witness Fang Pantano, made the same day Pantano testified at trial, *id.* at 6-8.

Defendants do not contest any of the troubling factual allegations made by Plaintiffs. *See generally* ECF No. 343. Instead, Defendants make two legal arguments as to why the motion is inappropriate. First, they argue that the notice of appeal divests the district court of jurisdiction to hear this aspect of the case. *Id.* at 3-6. Second, they claim that the Pennsylvania civil rule providing for a sequestrator does not give the sequestrator the power to sell property, engage the services of a broker, and receive fees for sale of the property. *Id.* at 6-7. Both of these arguments are incorrect.

### B. This Court's Jurisdiction Over the Motion

Filing a notice of appeal "divest[s] a district court of its control over those aspects of the case *involved in the appeal*." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added)). The purpose of the rule is to "prevent[] the confusion and inefficiency which would of necessity result were two courts to

3

be considering the same issue or issues simultaneously." *Id.* at 121. The Third Circuit in *Venen* outlined a non-exhaustive list of circumstances in which the district court would retain jurisdiction, including, for example, determining an application for attorneys' fees, or issuing orders regarding bonds or injunctions. *Id.* at 120 n.2. "As long as a district court [does] not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151-LPS, 2018 WL 4026738, at *3 (D. Del. Aug. 23, 2018) (citing *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (alteration in original). Execution of the judgment is not an issue on appeal, *see* ECF No. 314, and enforcing the judgment is precisely the type of issue that fits into the *Venen* exceptions.

### C. The Sequestrator's Power Under Pa. R. Civ. P. 3114

With regard to the powers of the sequestrator, the Pennsylvania rule reads in full:

> Upon execution against any interest in real property, or a mortgage or lien thereon the court on petition of the plaintiff, may order the sheriff, or a sequestrator appointed by the court, to collect any rent, interest, principal or other sum becoming due to the defendant, to exercise any powers possessed by the defendant as landlord, mortgagee, life tenant, judgment creditor, lien holder, vendor or otherwise, and to account to the court. The court may require a sequestrator's bond in such amount and upon such terms as it deems proper.[1]

Pa. R. Civ. P. 3114. Defendants argue that the text of the rule "does not provide that a sequestrator can 'sell any real property', 'engage the services of a broker in connection with any sale real property', incur 'any professional fees in connection with the sale of any real property' and/or 'turn over proceeds' to anyone, including Plaintiffs." ECF No. 343-2 at 7. This reading ignores the plain language of the rule. The rule allows the sequestrator to "exercise *any powers* possessed by the defendant as landlord, mortgagee, life tenant, judgment creditor, lien holder, vendor *or otherwise*." Pa. R. Civ. P. 3114. Although the rule does not explicitly mention selling property, hiring a broker,

---

[1] Defendants concede that under Fed. R. Civ. P. 69, judgments can be enforced by applicable state laws or procedures, including Pa. R. Civ. P. 3114. *See* ECF No. 343-2 at 6-7.

or collecting fees, such activities are clearly contemplated as a power possessed by the defendant over their property per the plain language of the rule.

IV.     CONCLUSION

In view of uncontested allegations that Defendants are attempting to circumvent the judgment, and without any legal barriers, the Court will **GRANT** Plaintiff's motion to appoint a sequestrator. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**